# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PSARA ENERGY, LTD. | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| SPACE SHIPPING, LTD.; ADVANTAGE | : | No. |
| AVENUE SHIPPING, LLC; GENEL | : | |
| DENIZCILIK NAKLIYATI A.S. A/K/A | : | |
| GEDEN LINES; ADVANTAGE TANKERS, | : | |
| LLC; ADVANTAGE HOLDINGS, LLC; | : | |
| FORWARD HOLDINGS, LLC; MEHMET | : | |
| EMIN KARAMEHMET and GULSUN NAZLI | : | |
| KARAMEHMET WILLIAMS | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT

Plaintiff PSARA ENERGY, LTD., by and through undersigned counsel, for its Verified Complaint against Defendants: SPACE SHIPPING LTD.; ADVANTAGE AVENUE SHIPPING, LLC; GENEL DENIZCILIK NAKLIYATI A.S. A/K/A GEDEN LINES; ADVANTAGE TANKERS, LLC; ADVANTAGE HOLDINGS, LLC; FORWARD HOLDINGS, LLC; MEHMET EMIN KARAMEHMET and GULSUN NAZLI KARAMAEHMET WILLIAMS alleges and pleads as follows:

### I. JURISDICTION, VENUE, AND PARTIES

1.      This is an admiralty and maritime claim within the meaning of rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for the breach of a maritime contract, *i.e.* an executed bareboat charter party for the employment of a seagoing cargo vessel. This case also falls under this court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is brought under the provisions of Rule B of the Supplemental Rules for Certain Admiralty or

Maritime Claims, and Asset Forfeiture Actions (hereinafter "Supplemental Rule B") and the Federal Arbitration Act, 9 U.S.C. §§ 4, 8 in aid of maritime arbitration.

2.    At all times material hereto Plaintiff, PSARA ENERGY, LTD. (hereinafter "PSARA" or "Plaintiff"), was a corporation organized under the laws of the Republic of the Marshall Islands and the registered owner of the Motor Tanker CV STEALTH, a crude oil tanker vessel registered in Malta.

3.    At all times material hereto Defendant, SPACE SHIPPING, LTD. (hereinafter "SPACE"), was and is a foreign company organized under the laws of Malta and the bareboat charterer of the M/T CV STEALTH under a bareboat charter party contract dated February 23,2010 ("the bareboat charter"). A copy of the bareboat charter and addenda thereto are attached to this Original Verified Complaint as **EXHIBIT 1**.  Though incorporated in Malta, the business of SPACE is actually carried on entirely by Defendant GENEL DENIZCILIK NAKLIYATI A.S. a/k/a GEDEN LINES from the office facilities of GEDEN LINES at Buyukdere Cad., Yapi Kredi Plaza, A Blok K:12 34330 Levent-Istanbul-Turkey.

4.    At all times material hereto Defendant, ADVANTAGE AVENUE SHIPPING, LLC (hereinafter "ADVANTAGE AVENUE SHIPPING"), was and is a corporate entity organized under the laws of the Republic of the Marshall Islands, and the registered owner of the Motor Tanker ADVANTAGE AVENUE, a tanker vessel registered in the Marshall Islands, with IMO No. 9419450 and international call sign V7KZ8. Though incorporated in the Marshall Islands, the business of ADVANTAGE AVENUE SHIPPING is actually carried on entirely by Defendant GENEL DENIZCILIK NAKLIYATI A.S. a/k/a GEDEN LINES from the office facilities of GEDEN LINES at Buyukdere Cad., Yapi Kredi Plaza, A Blok K:12 34330 Levent-Istanbul-Turkey.

5.    At all times material hereto Defendant GENEL DENIZCILIK NAKLIYATI A.S. a/k/a GEDEN LINES (hereinafter "GEDEN LINES") was and is a foreign corporate entity organized under the laws of Turkey with its principal place of business located at Buyukdere Cad., Yapi Kredi Plaza, A Blok K:12 34330 Levent-Istanbul-Tukey.

6.    At all times material hereto ADVANTAGE TANKERS, LLC (hereinafter "ADVANTAGE TANKERS") was a foreign limited liability company organized under the laws of the Marshall Islands.  ADVANTAGE TANKERS, LLC, is a holding company that owns 100% of defendant ADVANTAGE AVENUE SHIPPING.  Though incorporated in the Marshall Islands, the business of ADVANTAGE TANKERS is actually carried on entirely by Defendant GEDEN LINES from the office facilities of GEDEN LINES at Buyukdere Cad., Yapi Kredi Plaza, A Blok K:12 34330 Levent-Istanbul-Turkey.

7.    At all times material hereto ADVANTAGE HOLDINGS, LLC (hereinafter "ADVANTAGE HOLDINGS") was a foreign limited liability company organized under the Laws of the Marshall Islands.  ADVANTAGE HOLDINGS, LLC is a holding company that owns 100% of defendant ADVANTAGE TANKERS. Though incorporated in the Marshall Islands, the business of ADVANTAGE HOLDINGS is actually carried on entirely by Defendant GEDEN LINES from the office facilities of GEDEN LINES at Buyukdere Cad., Yapi Kredi Plaza, A Blok K:12 34330 Levent-Istanbul-Turkey.

8.    At all times material hereto FORWARD HOLDINGS, LLC (hereinafter "FORWARD HOLDINGS") was a foreign limited liability company organized under the laws of the Marshall Islands. FORWARD HOLDINGS, LLC, is a holding company that owns 100% of defendant ADVANTAGE HOLDINGS.  Though incorporated in the Marshall Islands, the business of FORWARD HOLDINGS is actually carried on entirely by Defendant GEDEN

3

LINES from the office facilities of GEDEN LINES at Buyukdere Cad., Yapi Kredi Plaza, A Blok K:12 34330 Levent-Istanbul-Turkey.

9    At all times material hereto MEHMET EMIN KARAMEHMET (hereinafter "EMIN KARAMEHMET") is an individual person and a citizen and resident of the Republic of Turkey and, respectively, through a Panamanian corporation that he entirely controls - Buselten Finance, S.A, - is the 100% shareholder of non-party GEDEN HOLDINGS, and of SPACE SHIPPING; and through another Turkish business entity he controls - Cukurova Holdings - he is 100% shareholder of Defendant GEDEN LINES.

10.    At all times material hereto GULSUN NAZLI KARAMEHMET–WILLIAMS (hereinafter "KARAMEHMET WILLIAMS") is an individual person and a dual citizen of the Republic of Turkey and the Swiss Confederation and a resident of the United Kingdom. KARAMEHMET-WILLIAMS is the adult daughter and only child of EMIN KARAMEHMET and through the intermediary holding companies FORWARD HOLDINGS, ADVANTAGE HOLDINGS she is the 85% controlling shareholder of ADVANTAGE TANKERS.

11.    The jurisdiction of this Honorable Court is founded on the presence within the District of property of the Defendants, to wit:  the M/T ADVANTAGE AVENUE that may be attached by process of maritime attachment and garnishment under the provisions of Rule B of the Supplemental Rules as pled more fully in Section IV of this Verified Complaint.

## II. THE SUBSTANTIVE CLAIMS

12.    Under the bareboat charter party dated February 23, 2010 ("the bareboat charter") and addenda thereto dated:  June 2, 2010; June 21, 2010; and January 29 2010 Plaintiff chartered its vessel CV STEALTH for a "a term of 5 years straight period +/- 30 days in Charterer's option plus 1 or 2 years optional year(s) declaration by Charterers 5 months prior end of the firm

period" to "Geden Holdings Limited,[1] Malta or nominee always guaranteed by Geden Line." *See* **EXHIBIT 1**, box 21. The vessel was delivered to the service of the nominee of Geden Holding Ltd. *i.e.* SPACE and to GEDEN LINE and was used and operated for profit by them as part of GEDEN LINES' non-owned, chartered -in fleet.

13.     By subsequent addendum to the bareboat charter, Geden Holdings became the performance guarantor of SPACE. *See* **EXHIBIT 1**. *See* also Addendum dated June 2, 2010, and performance guarantee of Geden Holdings, dated March 4, 2010 hereto attached as **EXHIBIT 2**.

14.     Plaintiff delivered the vessel into the bareboat chartered service and rendered, and continues to render, the contractual performance required of it. However, Defendant SPACE (hereinafter also referred to as "Charterer"), though possessing and using the CV STEALTH, is failing and refusing to perform its hire payment obligations under the bareboat charter party contract, and is in default and indebted to Plaintiff in respect of unpaid hire, as set out below.

15.     Under the terms of the bareboat charter the latest date for the redelivery of the CV STEALTH to Plaintiff was on June 22nd 2015. However, Charterer, in breach of the bareboat charter has failed to redeliver her to Plaintiff - her lawful owner - and at the same time is failing since May 2015 to pay Plaintiff the daily hire as the bareboat charter requires.

16.     The outstanding amount which remains unpaid from May 1, 2015 through September 30, 2016 is USD 6,520,373.71.

17.     To secure its claim for unpaid bareboat charter hire, Plaintiff through court proceedings has attached funds of SPACE in the United Kingdom in the amount of USD 2,000,975.00, and in proceedings in the United States it had attached the vessel ADVANTAGE

---

[1] Geden Holdings Limited (hereinafter "Geden Holdings") was a holding company incorporated in Malta. It held 100% of the shares of SPACE and 100% of the shares of several one-ship-companies as is more specifically pled in this Original Verified Complaint.

ANTHEM  by means of a suit in admiralty  under Supplemental Rule B.[2]   The owners of the

ADVANTAGE ANTHEM stipulated and provided substitute security in the total amount of

USD 1,700,000.00 for the release of the said vessel.[3] However, the sums attached are insufficient

to secure further and additional bareboat charter hire that has been earned by the CV STEALTH

subsequent to these attachments and  Defendant SPACE continues  refusing to pay.  The said

unsecured and unpaid additional amount is USD 2,819,398.71, exclusive of interest and costs.

Copies of Plaintiff's issued invoices for unpaid bareboat charter hire, since May 1, 2015 are

hereto attached as **EXHBIT 3.**

     18.     The Charterer continues to possess the CV STEALTH but is unjustly failing to

pay Plaintiff charter hire for such accrued amounts as Plaintiff has been unable to secure, *i.e.*

USD 2,819,398.71, and is contesting without lawful reason or cause its liability for the payment

of  USD 6,520,373.71 of the earned bareboat charter hire.

### III. UNDERLYING PROCEEDINGS ON THE MERITS

     19.     Box 35 and clause 30(a) of the bareboat charter party (EXHIBIT 1) provide for

arbitration of all disputes arising out of the contract in London.

     20.     Plaintiff is claiming the said amount of unpaid and unsecured hire in ongoing

arbitration proceedings in London against SPACE.

     21.     Plaintiff estimates the legal costs that will be incurred to pursue these claims in

London maritime arbitration proceedings will be approximately USD 600,000.00.  As it is

customary in London arbitration, legal costs, including lawyers' fees, are awarded to the

---

[2]  of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, hereinafter referred to as "Rule B".
[3]  United States District Court for the Eastern District of Louisiana, Civil Action 16-1305; Plaintiff had also filed an attachment under Rule B in the United States District Court for the Southern District of Texas in Civil Action, 15-01645 and had obtained substitute security.  However, it agreed to dismiss its claims as it obtained substitute security with the noted attachment of its charterer's funds in the United Kingdom, as noted in C.A. 15-01645 in Doc. 46, at p. 2 and in the foregoing ¶ 18.

prevailing party.

22.     This action is an ancillary proceeding, brought in order to obtain jurisdiction over Defendant Charterer and to obtain security for Plaintiff's claims in the London arbitration proceedings.

### IV. IDENTITY OF THE CORPORATE DEFENDANTS AND THEIR INTERRELATIONSHIPS

23.     In June of 2015, when Charterer had fallen substantially in arrears in its bareboat charter hire payment obligations, and the contractual redelivery of the vessel to Plaintiff was approaching, Plaintiff became concerned and made enquiries regarding the status of the CV STEALTH and the other crude oil tanker vessels that were being operated by Defendant GEDEN LINE.  Plaintiff was astounded to discover that the entire "owned" – as opposed to "chartered-in" fleet of GEDEN LINES had been surreptitiously transferred to new owners, as shown in TABLE I below:

### TABLE I

| VSL FORMER NAME | FORMER OWNER | VSL NEW NAME | NEW OWNER |
|---|---|---|---|
| PROFIT | Profit Shipping, Ltd. | ADVANTAGE SOLAR | Advantage Solar Shipping, LLC |
| TARGET | Target Shipping, Ltd. | ADVANTAGE AROW | Advantage Arrow Shipping, LLC |
| TRUE | True Shipping, Ltd. | ADVANTAGE AVENUE | Advantage Avenue Shipping, LLC |
| BLUE | Blue Shipping, Ltd. | ADVANTAGE SKY | Advantage Sky Shipping, LLC |
| PINK | Pink Shipping, Ltd. | ADVANTAGE SUMMER | Advantage Summer Shipping, LLC |
| BLANK | Blank Shipping, Ltd. | ADVANTAGE START | Advantage Start Shipping, LLC |
| REEF | Reef Shipping, Ltd. | ADVANTAGE SPRING | Advantage Spring Shipping, LLC |
| BRAVO | Bravo Shipping, Ltd. | ADVANTAGE ATOM | Advantage Atom Shipping, LLC |

| POWER | Barbaros Maritime, Ltd. | ADVANTAGE ANTHEM | Advantage Anthem Shipping, Ltd. |
| VALUE | Value Shipping, Ltd. | ADVANTAGE AWARD | Advantage Award Shipping, LLC |
| ROYAL | Prima Shipping, Ltd. | ADVANTAGE SUN | Advantage Sun Shipping, Ltd. |

24.     Not only had the said vessels been transferred, but they had been renamed and reflagged from the Maltese shipping register to that of the Marshall Islands.

25.     Investigation into the ship register/ship mortgage record of the Republic of the Marshall Islands revealed that all of the above 11 crude oil tankers which were formerly owned by one-ship-companies, in turn, 100% controlled by shareholder Geden Holdings, had been transferred in approximately the first five (5) months of 2015 - without any notice to or the knowledge of Plaintiff - to new one-ship-companies 100% controlled by a new holding company: ADVANTAGE TANKERS, LLC. ADVANTAGE TANKERS is ultimately 85 % controlled by the daughter and only child of Defendant EMIN KARAMEHMET, *i.e.* Defendant KARAMEHMET–WILLIAMS.   The said ship mortgage records contain a diagrammatic representation of the said new ownership structure which is hereto attached as **EXHIBIT 4**.

A. *SUCCESSOR CORPORATION RELATIONSHIP*

26.     The grouping of the following corporate entities: ADVANTAGE TANKERS; its subsidiary AVENUE SHIPPING; ADVANTAGE HOLDINGS; FORWARD HOLDINGS;  and 10 other one-ship-company entities, subsidiaries of ADVANTAGE TANKERS[4] (said grouping hereinafter collectively referred to for the sake of brevity as "Advantage-Group") comprise, respectively, successor corporate business entities of the grouping formerly constituted of:

---

[4]  Foreign limited liability companies: Advantage Solar Shipping, LLC; Advantage Sky Shipping, LLC; Advantage Start Shipping, LLC; Advantage Arrow Shipping, LLC; Advantage Avenue Shipping, LLC; Advantage Award Shipping, LLC; Advantage Atom Shipping, LLC; Advantage Summer Shipping, LLC; Advantage Spring Shipping, LLC; Advantage Sun Shipping, LLC

8

GEDEN HOLDINGS; GEDEN LINES; SPACE SHIPPING; and 10 other former one-ship-companies[5], as shown in TABLE I  (hereinafter collectively referred to, for the sake of brevity, as "Geden-Group").

27.    As particularized in the following paragraphs 28-38, the Advantage-Group corporate entities are successor corporations of the Geden-Group corporate entities in that: a) the former have acquired and are respectively in possession of the trading assets of the latter[6] (hereinafter "the 11 tanker vessels"), as illustrated in the foregoing Table I;  b) they occupy and carry on business from the same business premises, *i.e.* Buyukdere Cad., Yapi  Kredi Plaza, A Blok K:12 34330 Levent-Istanbul-Tukey;    c) they transact their business by and through identical personnel as the latter; d) they share common officers and directors with the latter; e) they have taken over and are servicing the same customers as were being served by the latter;  f) they have virtually the same financing banks financing their business as the latter; g) they have assumed numerous of the latter's obligations, including long term charter parties with Shell Western Supply and Trading, Ltd.;  h) there is continuity of shareholders as a result of the controlling Seller  corporation, GEDEN HOLDINGS, ultimately purported retention of control so that its shareholders became a constituent part of the purchasing corporation, *i.e.* Advantage Holdings; i) the controlling shareholder of  Geden Holdings and GEDEN LINES - EMIN KARAMEHMET – continues to maintain a substantial financial interest in the Advantage Group companies, as GEDEN LINES (which is 100% controlled by him) manages and operates all of

---

[5] Foreign limited liability companies: Profit Shipping, Ltd.; Blue Shipping, Ltd.; Blank Shipping, Ltd.; Target Shipping, Ltd.; True Shipping Ltd.; Value Shipping, Ltd; Bravo Shipping, Ltd; Barbaros Maritime, Ltd; Pink Shipping, Ltd; Reef Shipping Ltd.; Prima Shipping, Ltd.

[6] The said assets are the tankers: PROFIT now renamed ADVANTAGE SOLAR; BLUE now renamed ADVANTAGE SKY; BLANK now renamed ADVANTAGE START; TARGET now renamed ADVANTAGE ARROW; TRUE now renamed ADVANTAGE AVENUE; VALUE now renamed ADVANATGE AWARD; BRAVO now renamed ADVANTAGE ATOM; POWER now renamed ADVANTAGE ANTHEM; PINK now renamed ADVANTAGE SUMMER; REEF now renamed ADVANTAGE SPRING; ROYAL now renamed ADVANATGE SUN.  For the sake of brevity these vessels will be collectively referred to as "the 11 tankers".

its 11 tankers formerly held by the one-ship-companies of the Geden Group; j) GEDEN LINES exercises complete control over all of the corporate entities of the Advantage Group as its administrative, operations, technical, commercial, safety manager; k) following the purported sale of the 11 tankers, Geden Holdings ceased its ordinary business operations, through its subsidiary one ship companies and  wound down its remaining business of operating chartered-in tonnage.

28.     As part of a business reorganization arrangement conceived and implemented by the management of the Geden-Group, in concert with EMIN KARAMEHMET and KARAMEHMET–WILLIAMS, the one-ship-companies of the Geden-Group "sold" the respective vessels each one of them had owned to its homologous Advantage-Group one-ship-company, with these transactions occurring approximately during the first and second quarter of 2015. The said "sales", were in actual fact part of a "reorganization", and makeover of the ownership structure whereby newly minted corporate one-ship-companies of the Advantage-Group would take over ownership of the assets with the control, however purportedly remaining with Geden Holdings, Ltd.   *See* "Consent Letter" agreement dated February 6, 2015 between Geden Holdings, Ltd. and Shell Western Supply and Trading, Ltd. hereto attached as **EXHIBIT 5** at Bates No. D01248, at ¶ 2 thereof, wherein Geden Holdings assures Shell Western Supply and Trading, Ltd that each of the Advantage Group one-ship-companies would be "wholly owned by the Shareholder", *i.e.* Geden Holdings.

29.     Notwithstanding the transfer of ownership of the respective vessels from the Geden-Group one-ship-companies, to the respective Advantage-Group one-ship-companies, all of the time charter parties under which the said respective vessels, before and at the time of the transfer, were being employed by Shell Western Supply and Trading, Ltd. continued seamlessly

with the Advantage-Group one-ship-companies.   This was accomplished under contractual arrangements with Shell Western, worked out by GEDEN HOLDINGS / GEDEN LINES and KARAMEHMET-WILLIAMS, whereby the said charterer parties, several of which had significant unexpired terms, were renewed for a 5-year period, at rates and on such other terms as were agreed on behalf of the Advantage-Group one-ship-companies by GEDEN HOLDINGS. *Id.* at D01248 - D01250.

30.   Notwithstanding the purported transfer of ownership of the respective vessels from the Geden-Group one-ship-companies to the respective Advantage-Group one-ship-companies, Geden Holdings represented and warranted to the Geden-Group's sole customer - Shell Western Supply and Trading, Ltd that it retained ownership over the Advantage-Group one-ship-companies. *Id.* at Bates No. D01248, at ¶ 2 thereof.

31.   Notwithstanding the transfer of ownership of the respective vessels from the Geden-Group one-ship-companies to the respective Advantage-Group one-ship-companies, all day-to-day shore-side operations of the 11 tankers continue to be performed by and through GEDEN LINES, including safety management, security management, crewing, victualing, supplying, technical monitoring and supervision, drydocking, repairs, accounting, insuring, and generally every function necessary in order to keep and maintain the said vessels trading as merchant vessels in the same manner and to the same extent that GEDEN LINES had performed same before the said transfer of ownership for same 11 tankers. *See e.g.* Ship Management Agreement for the M/T ADVANTAGE AVENUE dated February 25, 2015, hereto attached as **EXHIBIT 6** at pp. 2425-2434; *See* also extract from Loan Agreement dated February 4, 2015 of Norddeutsche Landesbank Girozentale (hereinafter "NLDB") Loan Agreement with ADVANTAGE AVENUE SHIPPING extract  hereto attached as **EXHIBIT 7**  at p. 2510,

defining "Approved Manager" as "Genel Denizcilik of Turkey as technical manager and as commercial manager or any other person approved in accordance with Clause 22.3 (Manager)", and designating "Genel Denizcilik" as Technical Manager and Operations Manager. *Id.* at p.2640.

32.     The operation and management of the 11 tankers of the Advantage-Group is performed by EMIN KARAMEHMET - owned GEDEN LINES using the same employees; working out of the same address (Buyukdere Ca., Yapi Kredi Plaza, A Blok K: 12 34330-Levent-Istanbul-Turkey), as previously, when the same 11 tankers were owned by the Geden-Group.

33.     Notwithstanding the transfer of ownership of the 11 tankers from the Geden-Group one-ship-companies to the respective Advantage-Group one-ship-companies, the majority of the lenders that financed the acquisition of the vessels by the Advantage-Group one-ship companies remained the same, with new rollover-like refinancing arrangements and ship mortgaging arrangements having been negotiated and worked out by Geden Holdings / GEDEN LINES executives and directors  on behalf of ADVANTAGE TANKERS. *See* **EXHIBIT 5** at ANNEX I.

34.     Notwithstanding the transfer of the 11 tankers from the Geden-Group to the Advantage-Group, GEDEN LINES, which is controlled by EMIN KARAMAHMET, continues to maintain a substantial financial interest in the 11 tankers enjoying a significant economic benefit as operator and manager of the ADVANTAGE TANKERS fleet of approximately USD 4,015,000.00 annually as compensation for its services.

35.     Notwithstanding the transfer of the 11 tankers from the Geden-Group to the Advantage-Group, GEDEN LINES, in its capacity as the sole operator and manager of the 11

tankers, and thereby its controlling shareholder EMIN KARAMEHMET, exercise complete control over all of the operational, technical, and all other business activities of the 11 one-ship-companies of the Advantage Group.

36.    Geden Holdings, GEDEN LINES, ADVANTAGE TANKERS, and the respective one-ship-companies of the Geden-Group and Advantage-Group have in common key management personnel including: the same Chief Executive Officer, who is also a director of GEDEN HOLDINGS, GEDEN and ADVANTAGE TANKERS; and the same Chief Financial Officer, who is also a director of Geden Holdings.

37.    Following the sale of the 11 tankers, their respective former one-ship-company owners ceased to own vessels and their parent company Geden Holdings ceased to be a holding company of corporate one-ship vessel owners.

38.    The holding company role of Geden Holdings and the one-ship-companies of the Geden-Group, following the transfer of the vessels was taken over by ADVANTAGE TANKERS and its subsidiary one-ship-companies, and thereby ADVANTAGE TANKERS and its subsidiary one-ship-companies have assumed the obligations previously incumbent on Geden Holdings and its one-ship-subsidiaries necessary for the continuation of their respective business operations.

39.    By reason of the foregoing facts pled in averments ¶¶ 28-38, ADVANTAGE TANKERS and the one-ship-companies it holds, and Geden Holdings and the one-ship-companies and single-vessel chartering companies  it holds have either entered into a *de facto* merger, or ADVANTAGE TANKERS and the one-ship-companies it holds is a mere continuation of the business of Geden Holdings, and the one-ship companies that formerly owned the said vessels, with the latter entities having been absorbed by the former, as evidenced

by the identity of assets, location, management, personnel, and stockholders.

40.    Accordingly, ADVANTAGE TANKERS and the one-ship-companies it holds, including ADVANTAGE AVENUE SHIPPING are liable for Plaintiff's claims respectively as the successor corporations of EMIN KARAMEHMET - controlled Geden Holdings, SPACE SHIPPING and True Shipping, and the M/T ADVANTAGE AVENUE may be attached as security for Plaintiff's claims.

### B  FRAUDULENT CONVEYANCE ALLEGATIONS

41.    Plaintiff realleges ¶¶ 1-40 of the above and foregoing Original Verified Complaint and further avers as follows:

42.    In agreeing to bareboat charter its vessel the CV STEALTH to SPACE, a Maltese corporation without any known tangible assets or business performance record, and to accept the performance guarantee of Geden Holdings in place of the originally agreed performance guarantee of GEDEN LINES (See supra ¶ 13 and EXHIBIT 1, i.e. bareboat charter at box 21), Plaintiff relied on express affirmative representations of fact made on behalf of Geden Holdings / GEDEN LINES by their common CEO and director Tugrul Tokgoz.  Specifically, Tokgoz represented that Geden Holdings was the parent company of the "special purpose companies", i.e. the-one-ship companies which at the time owned the 11 tankers.  A Copy of the March 4, 2010 letter of Geden Holdings containing such representations in writing is hereto attached as **EXHIBIT 8**.

43.    The performance guarantee of Geden Holdings (EXHIBIT 2), contemporaneously issued with the March 4, 2010 letter, is a continual guarantee extending over the entire duration of the performance of the charter party, and indeed, for at least 7 years past the delivery of the vessel, and specifically provides in relevant part that that it is given in consideration of Plaintiff's

refraining from arresting or otherwise detaining any of the assets of Geden Holdings.

44.     Plaintiff relied on the representations made in the March 4, 2010 letter (**EXHIBIT 8**) particularly the representation that Geden Holdings owned and would continue to own through its one-ship-companies the 11 tankers and thereby agreed to continue chartering the CV STEALTH to SPACE and accept the performance guarantee of Geden Holdings.

45.     Unbeknownst to Plaintiff, Geden Holdings during the first 5 months of 2015 divested itself of its entire interest in the 11 tankers; "sold" same to the Defendants comprising the Advantage-Group; and the Defendants implemented a restructuring scheme that had been in their planning and contemplation as pled below.

46.     During 2012 and 2013, as a result of a faltering tanker market and high prices that had been paid for the construction of the 11 tankers and the acquisition of other tonnage, the Geden-Group experienced severe economic difficulties and pressing demands by various creditors that included attachment of vessels of the group.  In consultation with their lending banks, GEDEN LINES commissioned business restructuring specialist AlixPartners UK LLP to develop a proposed plan for the restructuring of their business.  A report was prepared by AlixPartners, dated March 6, 2013 under the title "Project Hermitage Restructuring".  *See* Report of AlixPartners hereto attached as **EXHIBIT 9**[7]  (hereinafter referred to as "Project Hermitage").

47.     Project Hermitage recommended the replacement of Geden Holdings as the group's holding company by another new business entity - a "newco" - which, under the recommended plan, "[p]rovides for recategorization of exposure from "Geden Holdings Ltd." to

---

[7] The Alix Partners' report specifically states: "This report ("Report") was prepared by AlixPartners UK LLP ("AlixPartners") exclusively for the sole benefit and internal use of GENEL Denizcilik Nakliyati A.S. – GEDEN Lines (the "Company") pursuant to a client relationship between AlixPartners and the Company stipulated in the agreement for the provision of consulting services dated 22 November 2012 (the "Engagement Letter"). EXHIBIT 10 at Bates No. P-001832. As to the factual content of the AlixPartners report it provides in relevant part: "The information contained in this Report is based upon financial and other data provided to AlixPartners and the representation made to AlixPartners by the management and staff of the Company" *Id.* at Bates No. P-001833. *Emphasis added.*

Newco where equity is "in-the-money" and shareholders are better incentivized to provide ongoing support." *See* EXHIBIT 9 at Bates No. P-001870. The plan of Project Hermitage also recommended the sale of the vessels or the one-ship-companies to "Newco"; the continuation of the management of the vessels by GEDEN LINES; the rollover financing of the existing debt to the financing banks; the retention of the equity of Geden Holdings; the transfer of the surplus of equity in the assets to Newco (EXHIBIT 9 (flow chart) Bates No..P-001846); and the ring-fencing of potential sources of disruption (such as arrests and sister-ship arrests). *Id.* at Bates No. P-001870.

48.    Even though the recommendations of Project Hermitage were not adopted by Defendants in their exact proposed form, they were nonetheless substantially adopted and implemented as evidenced by the following events: a) Geden Holdings / GEDEN LINES, acting by and through their common chief executive officer and chief financial officer, caused the incorporation of Advantage Tankers, LLC, in the Marshall Islands, *i.e.* the "Newco" contemplated by Project Hermitage[8]; b) Geden Holdings / GEDEN LINES, by and through their common chief executive officer and chief financial officer, made arrangements for the rollover financing of the loans of Geden Holdings' one-ship-companies with Advantage Tankers taking on the role of corporate guarantor; c) Geden Holdings / GEDEN LINES, acting by and through their common chief executive officer and chief financial officer, caused the one-ship-companies controlled by GEDEN HOLDINGS to "sell" their vessels to newly minted Marshall Islands corporate entities that comprise the Advantage Group shown in the foregoing TABLE I; d) Geden Holdings / GEDEN LINES, acting by and through their common chief executive officer and chief financial officer, arranged for the management of the 11 tankers to continue

---

[8] At all times material hereto, all  Defendants have the same Chief Executive officer - Tugrul Tokgoz- and the same Chief Financial Officer -Mehmet Matt - who also hold overlapping roles as directors and /or officers of the respective corporate Defendants of the one-ship-companies controlled by ADVANTAGE TANKERS.  .

being performed by GEDEN LINES under new 5 year contracts;  e) by transferring all of the tangible operating assets of Geden Holdings to the Advantage Tankers one-ship-companies, *i.e.* the 11 tankers, Geden Holdings  effectively "ringfenced" them, thereby blocked creditors of Geden Holdings from seeking recourse against its assets.

49.     Project Hermitage specifically referred to the bareboat charter of the CV STEALTH and other chartered-in tonnage of other owners in the following terms: "Group D, Geden Oldco:  11 Group D vessels make up the residual fleet and are not part of the Company's future. These include the vessels funded by FSL, Icon, Octavian and Stealth when traditional financing was unavailable." With specific reference to Plaintiff's vessel the CV STEALTH Project Hermitage notes: "not ours".  *See* EXHIBIT 9 at P-001856.

50.     The actions of the Defendants in implementing the recommendations of the AlixPartners - authored Project Hermitage in the manner described in the foregoing manifests the design, plan, and intent of the Defendants to deal with their assets in a fraudulent manner to the detriment and prejudice of their creditors, specifically including Plaintiff as noted in ¶ 49 *supra*.

51.     Defendant SPACE SHIPPING, LLC's sole business is to act as the nominee of Geden Holdings in the performance of the bareboat charter.  As pled in the foregoing Plaintiff entered in the bareboat charter relying on the representations and warranties that Geden Holdings was the owner of the 11 tankers and other vessels, and its performance guarantee.

52.     At all times material hereto and as pled in the foregoing, Geden Holdings, which is 100% controlled by EMIN KARAMEHMET was entirely stripped of its shipping assets, *i.e.* the 11 tankers which were transferred to ADVANTAGE TANKERS, a company 85% controlled by his only child KARAMEHMET WILLIAMS, and 15% by his hand-picked CEO of GEDEN LINES and Geden Holdings, Tugrul Tokgoz, thereby leaving Plaintiff without any of the

recourse that it had agreed to forego (*i.e.* the attachment of Geden Holdings' owned vessels) in consideration for Geden Holdings' performance guarantee.

53.     Plaintiff invokes the power of this honorable court as a court of admiralty "...to protect its jurisdiction from being thwarted by a fraudulent transfer, [by] .... authorizing an attachment to secure an independent maritime claim." *Swift Co Packers v. Compania Colombiana Del Caribe,* 339 U.S. 684, 694-695 (1950).

54.     As pled in the foregoing, Defendant EMIN KARAMEHMET is the controlling (100%) shareholder of Defendant Geden Holdings which in turn is the controlling shareholder (100%) of all 11 one-ship-companies of the Geden-Group as shown in the foregoing TABLE 1 – including the former registered owner of the M/T TRUE renamed ADVANTAGE AVENUE. Moreover, EMIN KARAMEHMET, through Geden Holdings is the controlling shareholder (100%) of SPACE.

55.     As pled in the foregoing, Defendant KARAMEHMET WILLIAMS, through the intermediary Defendant LLC's FORWARD HOLDINGS and ADVANTAGE HOLDINGS is the 85% shareholder of ADVANTAGE TANKERS, and through it, the controlling shareholder of ADVANTAGE AVENUE SHIPPING, LLC, the new registered owner of the former M/T TRUE.

56.     Defendants represent that on or about April 1, 2015, the M/T TRUE was sold by her registered owner True Shipping, Ltd. to her new registered owner Advantage Avenue Shipping LLC which re-flagged and renamed her the ADVANTAGE AVENUE.

57.     As noted in the foregoing, the relationship of EMIN KARAMEHMET to KARAMEHMET WILLIAMS is that of father and only child.

58.     Based on the expressed rationale for the transfer of the 11 tankers from Geden

Holdings to ADVANTAGE TANKERS noted in the foregoing, *i.e.* the "ringfencing" of the assets, in order to avoid "arrests"; the close family relationship between EMIN KARAMEHMET and KARAMEHMET WILLIAMS that constitutes the latter an insider of the former in relation to his status as 100% shareholder of Plaintiff's obligors Geden Holdings / GEDEN LINES and SPACE; the transfer of what was substantially all of the assets of the said obligors of Plaintiff; the failure of the Defendants to disclose to Plaintiff the impending transfer of the assets from the Geden-Group to the Advantage-Group; and all of the factual circumstances pled in the foregoing ¶¶ 41-57 there are reasonable grounds and probable cause to believe that the said transfer was intended to hinder, delay, or defraud the creditors of SPACE and same may and should be set aside as a fraudulent conveyance.

### IV. APPLICATION FOR ATTACHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

59.     None of the Defendants are, or were, at the time of the filing of this suit present within the district or can be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims and under the laws of Pennsylvania governing personal jurisdiction. *See* Attorney Declaration of Mary Elisa Reeves attached hereto as **EXHIBIT 10**. Nevertheless, Defendants have within the District tangible or intangible personal property in the hands of parties who may be named garnishees in the process of maritime attachment and garnishment consisting of debts, credits, or effects.

60.     More specifically there is present, or imminently due to arrive in the Eastern District of Pennsylvania, the Motor Tanker ADVANTAGE AVENUE a tanker vessel registered in the Marshall Islands, with IMO No. 9419450 and international call sign V7KZ8, as pled in the foregoing.

61.     Defendants have used and continue to use the purportedly corporate separateness,

and incorporated status of their surrogate entities ADVANTAGE SHIPPING, ADVANTAGE

TANKERS, ADVANTAGE HOLDINGS, and FORWARD HOLDINGS abusively, to wit: to

engage in fraudulent corporate restructuring and asset reallocation practices in order to escape

their lawful obligation to pay bareboat charter hire until the redelivery of the CV STEALTH to

Plaintiff- her lawful owner.

62.   Plaintiff has maritime claims against the Defendants arising out of the breach of a

maritime contract (*i.e.* – the bareboat charter party with CV STEALTH dated February 23, 2010,

and the performance guarantee dated April 4, 2010).

69.   The amounts of Plaintiff's claims as reasonably as it can be estimated is as

follows:

| | | |
|---|---|---|
| A. | Unpaid Charter Hire due and owing ....................... $ | 2,819,398.71 |
| B. | Interest at 6% compounded quarterly for 1 year............$ | 146,315.17 |
| E. | Recoverable Legal Fees and Costs.................................$ | 600,000.00 |
| **Total Claim**.................................................................$ | | **3,565,713.88** |

63.   Therefore, Plaintiff's total claim for breach of the maritime contracts against

Defendants is in the aggregate sum of **USD 3,565,713.88.**

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A.   That process in due form of law, according to the practice of this Honorable Court

in matters of admiralty and maritime jurisdiction be issued against Defendants and said

Defendants be cited to appear and answer the allegations of this Original Verified Complaint;

B.   That since the Defendants cannot be found within this District pursuant to

Supplemental Rule B, all of the assets of the Defendants presently within this District, or assets

expected in this District during the pendency of this action, including, but not limited to the M/T

ADVANTAGE AVENUE and/or any assets within the possession, custody or control of any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment issued in this action may be served, be attached and garnished in an amount sufficient to answer Plaintiff's claim;

      C.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

      D.    That judgment be entered against each of the Defendants in the sum of Three Million Five Hundred Sixty-Five Thousand Seven Hundred Thirteen Dollars and Eighty-Eight Cents (**USD 3,565,713.88**)  together with interest and costs, be applied in satisfaction thereof;

      E.    That the Court grant such other and further relief as it deems, just, equitable and proper.

Respectfully submitted,

Date:   September _____, 2016
         Philadelphia, PA

REEVES MCEWING, LLP

By: _____
     Mary Elisa Reeves, Esq.
     719 E. Passyunk Avenue
     Philadelphia, PA 19147
     Telephone: 267-324-3773
     E-mail: reeves@lawofsea.com
     Attorney Id # 44194

*Attorneys for Plaintiff*

*Of Counsel:*

/s/ George A. Gaitas_____

George A. Gaitas
Federal Bar No. 705176
Chalos & Co, P.C.
7210 Tickner Street
Houston, Texas 77055
Telephone: 713-936-2427
Fax: 866-702-4577
E-mail:gaitas@chaloslaw.com
*Pro Hac Vice Application forthcoming*