IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PSARA ENERGY, LTD., § | | |
| Plaintiff, § | | |
| v. § | | CIVIL ACTION |
| § | | |
| SPACE SHIPPING, LTD.; ADVANTAGE AVENUE § | | NO. 2:16-CV-04840-WB |
| SHIPPING, LLC; GENEL DENIZCILIK § | | |
| NAKLIYATI A.S. A/K/A GEDEN LINES; § | | |
| ADVANTAGE TANKERS, LLC; ADVANTAGE § | | |
| HOLDINGS, LLC; § | | |
| FORWARD HOLDINGS, LLC; MEHMET EMIN § | | |
| KARAMEHMET and GULSUN NAZLI § | | |
| KARAMEHMET WILLIAMS | | |
| Defendants. | | |

## ADVANTAGE DEFENDANTS' ANSWER TO COMPLAINT

Defendants Advantage Avenue Shipping, LLC, Advantage Tankers, LLC, Advantage Holdings, LLC, Forward Holdings, LLC, and Gulsun Nazli Karamehmet Williams (collectively, the "Advantage Defendants"), make their appearance specially and not generally and pursuant to F.R.Civ.P. Rule E(8), and expressly reserving all defenses, particularly as to venue, personal jurisdiction, and subject matter jurisdiction, by and through their undersigned counsel, for their Answer to Plaintiff Psara Energy LTD.'s Original Verified Complaint (the "Complaint"), allege upon information and belief as follows:

1.  The Advantage Defendants do not respond to paragraph 1 of the Complaint because it contains legal conclusions, but to the extent an answer is required the Advantage Defendants deny the allegations contained in paragraph 1 of the Complaint.

2.  The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 2 of the Complaint.

3.  The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 3 of the Complaint.

4.      Defendant Advantage Avenue Shipping LLC admits that it is organized under the law of the Republic of the Marshall Islands and that it is the registered owner of the Vessel, but except as so specifically admitted, the Advantage Defendants deny the remaining allegations contained in paragraph 4 of the Complaint.

5.      The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 5 of the Complaint.

6.      Defendant Advantage Tankers, LLC admits that it is organized under the law of the Republic of the Marshall Islands and that holds the membership interests of Defendant Advantage Avenue Shipping LLC, but except as so specifically admitted, the Advantage Defendants deny the remaining allegations contained in paragraph 6 of the Complaint.

7.      Defendant Advantage Holdings, LLC admits that it is organized under the law of the Republic of the Marshall Islands and that holds the membership interests of Defendant Advantage Tankers, LLC, but except as so specifically admitted, the Advantage Defendants deny the remaining allegations contained in paragraph 7 of the Complaint.

8.      Defendant Forward Holdings, LLC admits that it is organized under the law of the Republic of the Marshall Islands and that holds the membership interests of Defendant Advantage Avenue Shipping LLC, but except as so specifically admitted, the Advantage Defendants deny the remaining allegations contained in paragraph 8 of the Complaint.

9.      The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 9 of the Complaint.

10.     Defendant Gulsun Nazli Karamehmet-Williams does not respond to paragraph 10 of the Complaint to the extent it contains legal conclusions, admits that she is the daughter of Mehmet Emin Karamehmet and denies the remaining allegations contained in paragraph 10 of the Complaint.

11.     The Advantage Defendants do not respond to paragraph 11 of the Complaint because it contains legal conclusions, but to the extent an answer is required Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 12 of the Complaint.

13. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 13 of the Complaint.

14. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 14 of the Complaint.

15. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 15 of the Complaint.

16. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 16 of the Complaint.

17. The Advantage Defendants admit that Plaintiff attached the vessel M/V Advantage Anthem and commenced nearly identical actions in Texas and Louisiana, but except as so specifically admitted deny the remaining allegations in paragraph 17 of the Complaint.

18. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 18 of the Complaint.

19. The Advantage Defendants aver that the document referenced in paragraph 19 of the Complaint speaks for itself, and otherwise deny the remaining allegations contained in paragraph 19 of the Complaint.

20. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 20 of the Complaint.

21. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 21 of the Complaint.

22. The Advantage Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 23 of the Complaint.

24. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 24 of the Complaint.

25. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 25 of the Complaint.

26. The Advantage Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. The Advantage Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. The Advantage Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. The Advantage Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 30 of the Complaint.

31. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 31 of the Complaint.

32. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 32 of the Complaint.

33. The Advantage Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. The Advantage Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. The Advantage Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 36 of the Complaint.

37. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 37 of the Complaint.

38. The Advantage Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. The Advantage Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. The Advantage Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint does not require a response, but to the extent a response is required the Advantage Defendants deny the allegations contained in paragraph41 of the Complaint.

42. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 42 of the Complaint.

43. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 43 of the Complaint.

44. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 44 of the Complaint.

45. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 45 of the Complaint.

46. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 46 of the Complaint.

47. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 47 of the Complaint.

48. The Advantage Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 49 of the Complaint.

50. The Advantage Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 51 of the Complaint.

52. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 52 of the Complaint.

53. The Advantage Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 54 of the Complaint.

55. Defendant Karamehmet Williams admits the allegations contained in paragraph 55 of the Complaint.

56. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 56 of the Complaint.

57. Defendant admits the allegations contained in paragraph 57 of the Complaint.

58. The Advantage Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. The Advantage Defendants deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint does not require a response.

61. The Advantage Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. The Advantage Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. The Advantage Defendants deny the allegations contained in then mis-numbered paragraph 69 of the Complaint, which appears out of order in relation to the paragraphs above and below it in the Complaint.

64. The Advantage Defendants deny the allegations contained in paragraph 63 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

65. Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

66. The Complaint should be dismissed for lack of subject matter jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

67. Plaintiff failed to join a necessary party.

### FOURTH AFFIRMATIVE DEFENSE

68. Plaintiff's claims are barred by the doctrine of issue preclusion.

### FIFTH AFFIRMATIVE DEFENSE

69. Plaintiff has filed nearly identical actions elsewhere, and is collaterally estopped from pursuing the allegations of the Complaint, having already alleged an identical theory before other United States District Courts.

### SIXTH AFFIRMATIVE DEFENSE

70. The Complaint should be dismissed for lack of personal jurisdiction over the Advantage Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

71. The Complaint should be dismissed for lack of subject matter jurisdiction.

### EIGHTH AFFIRMATIVE DEFENSE

72. The Complaint should be dismissed for improper venue.

### NINTH AFFIRMATIVE DEFENSE

73. The Complaint should be dismissed pursuant to the doctrine of *res judicata*.

## TENTH AFFIRMATIVE DEFENSE

74.     The Complaint should be dismissed pursuant to the doctrines of estoppel, waiver, and all applicable statutes of limitation.

## ELEVENTH AFFIRMATIVE DEFENSE

75.     The Complaint should be dismissed with prejudice because Plaintiff has failed to plead and cannot prove a *prima facie* case for any of the causes of action alleged.

WHEREFORE, the Advantage Defendants respectfully pray:

a) that judgment be entered in favor of the Advantage Defendants and against Plaintiff, dismissing the Complaint herein together with costs and disbursements of this action; and

b) that judgment be entered in favor of the Advantage Defendants for such other and further relief as the Court deems equitable, just and proper.

Dated: Philadelphia, Pennsylvania
October 11, 2016

**PALMER BIEZUP & HENDERSON LLP**

/s/ Richard Q. Whelan
Richard Q. Whelan
Frank P. DeGiulio
Palmer Biezup & Henderson LLP
190 N. Independence Mall West
Suite 401
Philadelphia, PA 19106
(215) 625-7806
rwhelan@pbh.com
Attorneys for the Advantage Defendants

(*Pro Hac Vice*)
Neil A. Quartaro (NQ 9640)
Zachary Farley (ZF 1281)
Watson Farley & Williams LLP
250 West 55th Street
New York, NY 10019
(212) 922-2200
nquartaro@wfw.com
zfarley@wfw.com
 Attorneys for the Advantage Defendants

WFW 80463007v1

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 11, 2016, a true and correct copy of this Answer to Complaint was filed electronically via the Court's ECF system, which will make the document available for viewing and downloading and which will send notification of this filing to the following counsel for Plaintiff:

>Mary Elisa Reeves, Esquire
>George Tadross, Esquire
>Reeves McEwing LLP
>719 E. Passyunk Ave.
>Philadelphia, PA 19147
>reeves@lawofsea.com
>gtadross@lawofsea.com

    /s/ Richard Q. Whelan

WFW 80463007v1